IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1379-STE |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.   PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for disability insurance benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 11-22). The Appeals Council denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 17, 2011, the alleged disability onset date. (TR. 13). At step two, the ALJ determined Ms. Stone had the following severe impairments: obesity; post-traumatic stress disorder (PTSD); generalized anxiety disorder; chronic sinusitis; allergic rhinitis; asthma; and migraines. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).

At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work. (TR. 20). The ALJ further concluded that Ms. Stone retained the residual functional capacity (RFC) to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but have no contact with the general public.

(TR. 16).

With this RFC, the ALJ made additional findings at step five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 59-61). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT).

(TR. 60-61). The ALJ adopted the testimony of the VE and concluded that Ms. Stone was not disabled based on her ability to perform the identified jobs. (TR. 21-22).

## III.　ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in failing to: (1) include limitations in the RFC which reflected severe impairments at step two and moderate restrictions at step three, (2) properly evaluate a finding of disability from the Veteran's Administration (VA), and (3) properly evaluate opinions from three physicians.

## IV.　STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.　NO ERROR IN THE RFC

Ms. Stone alleges that the RFC failed to include specific limitations which reflected the ALJ's findings at steps two and three. (ECF No. 22:2-13). The Court disagrees.

### A.　ALJ's Duty in Assessing the RFC—Physical & Mental Impairments

In assessing an individual's mental impairment, the ALJ must employ a "special technique" which involves rating the degree of functional limitation under four broad

functional areas. 20 C.F.R. § 404.1520a(b)-(c). This assessment is documented on a Psychiatric Review Technique (PRT) form and is used to rate the severity of the mental impairment at steps two and three of the sequential evaluation process. *See* SSR 96-8p, 1996 WL 374184, at *6-7 (July 2, 1996).

Step four requires a more detailed assessment by itemizing various functions contained in the broad categories summarized on the PRT. *Id.* In assessing the RFC for both physical and mental impairments, the ALJ must consider the limitations and restrictions imposed by a claimant's severe impairments and express any limitations in terms of specific, work-related activities he or she is able to perform. *Id.*, at *6-7.

### B. No Reversible Error Regarding the RFC Assessment

At step four, the ALJ concluded that Ms. Stone had the RFC to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but have no contact with the general public.

(TR. 16). Ms. Stone alleges that the RFC failed to account for: (1) limitations related to her severe impairments of migraines, PTSD, anxiety, chronic sinusitis, allergic rhinitis, and asthma and (2) findings that Plaintiff suffered from various "moderate" mental limitations. (ECF No. 22:2-13).

#### 1. Severe Impairments

At step two, the ALJ concluded that Plaintiff suffered from severe PTSD, generalized anxiety disorder, migraines, chronic sinusitis, allergic rhinitis, and asthma.

4

(TR. 13). As a result, Plaintiff alleges that the ALJ erred by "failing to include or further consider all of the severe impairments he found at step two in [the] [RFC.]" (ECF No. 22:2). The Court rejects Plaintiff's argument.

Once a claimant's impairments are deemed severe at step two, the ALJ has a duty to discuss their impact throughout the remainder of the disability determination. 20 C.F.R. § 404.1545(a)(2). Indeed, in formulating the RFC, the ALJ must discuss the combined effect of all the claimant's medically determinable impairments, both severe and nonsevere. *See Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013). However, the presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC. *Cavalier v. Colvin*, 2014 WL 7408430, at *2 (N.D. Okla. 2014). The RFC need only include such limitations as the medical record substantially supports. *See Kirkpatrick v. Colvin*, 663 F. App'x. 646, 650 (10th Cir. 2016) ("Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record"); *Arles v. Astrue*, 438 F. App'x. 735, 740 (10th Cir. 2011) (rejecting plaintiff's claim a limitation should have been included in his RFC because "such a limitation has no support in the record").

### PTSD, Anxiety, and Migraines

Regarding her PTSD, anxiety, and migraines, Ms. Stone states: "[a] reasonable person would expect some limitations for being off-task when migraines occur or when an anxiety attack occurs or some allowance for loss of concentration due to migraine and PTSD symptomology." (ECF No. 22:3). But the Court is not concerned with the type of limitations expected by a reasonable person with these conditions. The Court is concerned with the specific type of work-related limitations that *Ms. Stone* suffers as a result of the impairments.

In an effort to specify particular limitations, Plaintiff references her hearing testimony where she described various symptoms of migraines and anxiety, saying that migraines affected her vision, which took her "off-task" and she suffered anxiety which resulted in her not wanting to get out of bed 4-5 days a week. (ECF No. 22:3-4). For two reasons, these arguments are not persuasive. First, being "off task" is too vague to translate to a specific work-related functional limitation and Plaintiff cites to no medical opinion which supports a finding that being "off-task" would prevent Ms. Stone from engaging in substantial gainful activity.

Second, although Plaintiff testified that she did not want to get out of bed 4-5 days per month due to anxiety, she also testified that she was taking medication for her anxiety which was effective. (TR. 44-46). The ALJ considered Plaintiff's testimony, cited medical evidence noting that her anxiety had improved with medication, and made a credibility determination. (TR. 16-17). Ms. Stone does not separately challenge the credibility determination, nor point to any evidence wherein a medical professional has stated that her anxiety would result in excessive absenteeism. As a result, the Court should conclude that Plaintiff has not met her burden to establish error in the RFC. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987) (the claimant has the initial burden of establishing a disability in the first four steps of this analysis).

### Sinusitis, Rhinitis, and Asthma

As part of the RFC, the ALJ stated that Plaintiff must "avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation." (TR. 16). According to Ms. Stone, this limitation was insufficient to account for her severe impairments involving chronic

6

sinusitis, allergic rhinitis, and asthma. (ECF No. 22:9). In support, Plaintiff argues three points. None of them are persuasive.

First, Plaintiff states "[s]he needs no exposure and medical proves." (ECF No. 22:9). The sole medical record Plaintiff cites in support states: (1) that Plaintiff's nasal symptoms are worse:

- outside,
- in the fall and spring,
- around mowed grass, animals, molds and dust, and
- during weather changes; and

(2) that her chest symptoms are worse:

- with laughter,
- when nasal symptoms are present,
- around dust and cold air, and
- with exercise and infections.

(TR. 1050). The only restriction mentioned in both the RFC and the medical record cited by Plaintiff concerns dust. (TR. 16, 1050). The medical record states that Ms. Stone's nasal and chest symptoms are worse around dust. The RFC states that Ms. Stone should avoid concentrated exposure to dusts. (TR. 16). Plaintiff apparently believes that the RFC does not adequately account for the medical evidence related to her problems with dust. But the Court concludes otherwise; as nowhere in the cited record does the medical evidence suggest limitations that are more restrictive than those set forth in the RFC. Plaintiff's argument regarding "no exposure" is merely an issue of semantics.

Second, Plaintiff attempts to persuade the Court that the RFC limitation is insufficient by pointing out that she: (1) has undergone two surgeries for her rhinitis, (2) at the time of surgery, had been taking 28 medications, and (3) takes twice monthly allergy injections. (ECF No. 22:9-10). But Plaintiff does not identify any particular work-related functions related to this evidence or otherwise argue how the evidence would translate into a more restrictive RFC. Accordingly, the Court rejects Plaintiff's argument. *See McAnally v. Astrue*, 241 F. App'x. 515, 518 (10th Cir. 2007) (affirming in part because "with regard to [her severe impairments], the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations" (citation and internal brackets omitted)); *Kirkpatrick v. Colvin*, 663 F. App'x. at 649 (rejecting Plaintiff's argument regarding the alleged omission of certain limitations in an RFC because "[plaintiff] doesn't explain how these restrictions fail to account for his [limitations] . . . [a]nd it isn't our obligation to search the record and construct a party's arguments.").

Third, Plaintiff presents the possibility that due to her allergies, she might have to use an "Epipen," the side effects of which could be "a bit traumatic." (ECF No. 22:9-10). But the argument that Plaintiff *might* have to use an Epipen on the job *if* she suffers an allergic reaction is too speculative to conclude that the RFC should have accounted for additional restrictions.

**Step Two Challenge**

Within her challenge to the RFC and as a seemingly related point of error, Ms. Stone challenges the ALJ's step two findings, citing *Wells v. Colvin*, 727 F.3d 1061 (10th

Cir. 2003). (ECF 22:4-8). The Court concludes that Ms. Stone's reliance on *Wells* is misplaced.

In *Wells*, the ALJ had made a step-two finding that the plaintiff's mental impairments were not severe. *Wells*, 727 F.3d at 1068. The ALJ then stated: "[t]hese findings do not result in further limitations in work-related functions in the [RFC] below." *Id.* at 1069 (brackets in original). The Tenth Circuit Court of Appeals stated that the ALJ's language "suggest[ed]" that he may have relied on his step-two findings to conclude that the plaintiff had no limitations at step four based on mental impairments. *Id.* at 1069. If so, the Court stated, such a conclusion would be considered "inadequate under the regulations" because the RFC analysis at step four required "a more detailed assessment" "describing how the evidence *supports each conclusion*, citing specific medical facts." *Id.* (emphasis in original).

Ms. Stone contends that the ALJ erred at step two by making findings more egregious than the step-two findings condemned in *Wells*. Plaintiff states: "Worse yet, in contrast to the step-two statement that *Wells* implied would be inadequate, at step two in Ms. Stone's case the ALJ made *no statement whatsoever* regarding all severe or non-severe impairments in her RFC which is error." (ECF No. 22:6). This statement suggests that the Plaintiff believes *Wells* requires some sort of finding at step-two regarding the impact of the impairments at step four. But such an assumption overstates the ALJ's duty at step two, and misses the import of the holding in *Wells*.

At step two, the ALJ's duty is limited to making a determination of whether the claimant suffers from a severe impairment or combination of impairments. *See Bowen v. Yuckert,* 482 U.S. 137, 140-141 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ

9

complied with this duty, finding that Ms. Stone suffered from severe PTSD, generalized anxiety disorder, migraines, chronic sinusitis, allergic rhinitis, and asthma. *See* TR. 13. *Wells* did not require the ALJ to make a step two finding beyond severity. Instead, the Court in *Wells* found error "to the extent the ALJ relied on his finding of non-severity as a substitute for [an] adequate RFC analysis[.]" *Wells*, 727 F.3d at 1071. Thus, the Court rejects Plaintiff's allegation of error to the extent that it is premised on improper findings under *Wells* at step two.

### 2. Moderate Findings

At step three, the ALJ concluded that Plaintiff suffered from "moderate" limitations in the areas of daily activities; social functioning; and concentration, persistence or pace. (TR. 15). With respect to these findings, Ms. Stone asks: "[W]hy are those symptoms which led [the ALJ] to the conclusion that they caused moderate restrictions not included in his step five conclusions?" (ECF No. 22:11). Apparently, Ms. Stone believes that the step three findings were not adequately reflected in the RFC. In support, she states:

- "Simple, routine, repetitive tasks do not matter when a person is off-task" and

- "[T]he ALJ notes that [Plaintiff] has difficulty getting along with others, but concludes that she can still respond appropriately to supervisors, coworkers and usual work situations. That is not congruent and is error."

(ECF No. 22:11, 12). Neither statement is compelling.

Plaintiff's first statement lacks evidentiary support. Ms. Stone presents no evidence in support of her allegations that: (1) she gets "off-task," (2) getting "off-task" would affect her ability to work, and (3) the RFC for simple work was not sufficient. The lack of authority or further argument precludes the Court from considering the argument. *See*

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [the claimant's] contentions that have been adequately briefed for our review.").

Plaintiff's second statement is an attempt to re-weigh the evidence concerning her difficulty in getting along with others to reach a different conclusion in the RFC. But the Court cannot re-weigh the evidence, as that duty is charged to the ALJ in the first instance. *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.") (internal quotation marks omitted).

## VI. NO ERROR IN THE ALJ'S CONSIDERATION OF THE VA DISABILITY RATING

In June 2012, Ms. Stone received a 100% disability rating from the VA. (TR. 272-281). Plaintiff argues that the ALJ committed reversible error by not discussing the VA's rating more fully. (ECF No. 22:13). In support, Ms. Stone argues that the ALJ "fail[ed] to discuss the significance of the VA's disability evaluation." (ECF No. 22:13). The Court rejects this argument.

"Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered." *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (further quotation omitted); *see also* 20 C.F.R. § 404.1512(b)(1)(v) (stating agency will consider "[d]ecisions by any governmental or nongovernmental agency" concerning disability).

There is no dispute that the ALJ considered the VA records and acknowledged the VA's 100% disability rating. (TR. 16-18, 20). Ms. Stone argues that the ALJ should have

further discussed the significance of the VA's determination, but she "has not pointed to any specific factual finding or evidence in the [VA's] disability determination that should have changed the [ALJ's] decision." *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005). Under identical circumstances, the Tenth Circuit Court of Appeals has rejected a similar claim of error. *See Breneiser v. Astrue*, 231 F. App'x 840, 844-845 (10th Cir. 2007). The Court finds *Breneiser* persuasive and rejects Plaintiff's argument.

## VII. NO ERROR IN THE EVALUATION OF VARIOUS OPINIONS

In the opinion, the ALJ accorded "little weight" to the medical opinions of Drs. Julie Wallace and Ishita Thakar, stating:

- "The claimant's impairments are not expected to cause the physical limitations by Dr. Thakar" and

- "Dr. Wallace's limitations are inconsistent with the mental health treatment notes of record."

(TR. 20). Ms. Stone challenges the ALJ's treatment of these opinions,[1] arguing that the ALJ's reasoning "was flawed" when he discounted the physicians' opinions because he utilized his own medical opinion in rejecting the opinions from Dr. Thakar and failed to identify the records that were inconsistent with Dr. Wallace's opinion. (ECF No. 22:14-17). The Court rejects Plaintiff's arguments.

Regarding Dr. Thakar, the ALJ cited to the record and explained that he could not fully credit the physician's opinions due to multiple internal inconsistencies within his treatment notes. (TR. 19). And regarding Dr. Wallace's opinion, Plaintiff's argues that the ALJ's reasoning fails because "the VA rating is not inconsistent [with Dr. Wallace's

---

[1] Plaintiff also takes issue with the ALJ's treatment of the opinion of Dr. Bennett, but fails to identify any specific opinion or develop her argument in any way. (ECF No. 22:15).

opinion]." But another agency's disability rating is not binding on the ALJ. 20 C.F.R. § 404.1504.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on October 19, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE